IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | NO. 1:11-CR-00028-TWT |
| v. | : | |
| | : | NO. 1:11-CR-00478-TWT |
| RHETT MAUGHON, | : | |
| RAFAEL VILLARREAL SR., and | : | |
| MARCUS MAUGHON | : | |

### UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by and through counsel, Sally Quillian Yates, United States Attorney, and William L. McKinnon, Jr. and Steven D. Grimberg, Assistant United States Attorneys, and submits this Sentencing Memorandum in advance of the sentencing hearing for the above-referenced defendants scheduled for Wednesday, February 22, 2012 at 9:30 am, to address the issue of restitution.

### BACKGROUND

The defendants were charged in the instant case with a variety of federal tax and immigration violations. From early 2001 until June 2006, the defendants and two others owned Atlanta Food Authority, doing business as Atlanta Meat Company. Atlanta Meat Company was in the business of supplying meat products to restaurants throughout the Southeast. Some of the company's customers paid in cash. The defendants did not record all the cash

1

received on the company's books.  Rather, they used the cash paid
by their customers to pay themselves and employees in cash.

Employees at Atlanta Meat Company were told when they were
hired that they would receive a certain amount as take home pay.
Most employees were paid that amount partly in cash and partly by
check.  Some employees were paid entirely in cash.  The defendants
and one of the other owners then divided the remaining cash equally
among themselves.  The defendants did not report the cash wages the
company was paying to the payroll service they used to prepare the
company's weekly paychecks.  The payroll service prepared quarterly
tax filings on behalf of Atlanta Meat Company, which purported to
report all wages paid to the employees and owners.  However,
because the payroll service was not told about the cash that was
paid to the employees and owners, the quarterly filings were false
and fraudulent and the Atlanta Meat Company underpaid its employee
withholding taxes.  In addition, the defendants failed to disclose
the cash wages paid to the owners and employees to the accountant
who prepared the company's corporate tax returns, therefore, the
corporate returns for 2005 and 2006 were false and fraudulent.
Finally, each defendant failed to report the cash he received as
income on his personal tax returns for 2005 and 2006.

Employees who were paid entirely in cash were illegal aliens
who lacked authorization to work legally in the United States.  A
number of the employees who were paid partly in cash and partly by

check were also illegally present in the United States and were not authorized to work in this country.

On October 13, 2011, following approximately two days of trial testimony, each defendant pled guilty pursuant to a negotiated plea agreement. Defendants Rhett Maughon and Rafael Villarreal Sr. pled guilty to a superseding information that charged each of them with conspiracy in violation of Title 18, United States Code, Section 371. Defendant Marcus Maughon pled guilty to Count 13 of the Indictment, which charged him with filing a false individual income tax return for the 2005 year, in violation of Title 26, United States Code, Section 7206(1). The statutory maximum term of imprisonment for defendants Rhett Maughon and Villarreal as a result of their felony convictions is 60 months. The statutory maximum term of imprisonment for defendant Marcus Maughon as a result of his felony conviction is 36 months.

<u>RESTITUTION</u>

The Pre-Sentence Reports prepared for the three defendants incorrectly indicates that restitution is not applicable in this case. In fact, each of the defendants should be ordered to pay full restitution to the IRS for the employment tax and individual income tax deficiencies, either because it is mandated by statute, or because the defendant agreed to pay pursuant to his plea agreement, or both.

Restitution For Employment Tax Deficiencies Is Mandated By Statute
Against Defendants Rhett Maughon and Rafael Villarreal

Defendants Rhett Maughon and Villarreal both pled guilty to a
Title 18 offense that mandates restitution.  See 18 U.S.C. §
3663A(c)(1)(A)(ii)(mandating restitution for Title 18 offenses
against property committed by fraud or deceit); United States v.
Senty-Haugen, 449 F.3d 862, 865 (8th Cir. 2006) (defendant convicted
of conspiracy to defraud the government must pay restitution to the
IRS); United States v. Kubick, 205 F.3d 1117, 1128-29 (9th Cir.
1999) (mandatory restitution imposed for conspiracy to commit
bankruptcy fraud and conspiracy to impede IRS).

The term "offense against property" in the Mandatory Victim
Restitution Act (18 U.S.C. § 3663A) applies to offenses in which
physical or tangible property, including money, is taken (or
attempted to be taken) by fraud or deceit.  For example, in United
States v. Jones, the Eleventh Circuit ordered restitution to the
IRS against a defendant who filed false tax returns on behalf of a
number of third parties.  289 F.3d 1260, 1263-64 (11th Cir. 2002).

Defendants Rhett Maughon and Villarreal both pled guilty to a
conspiracy charge under Title 18, United States Code, Section 371,
with two objects: (a) defrauding the United States for the purpose
of impeding, impairing, obstructing and defeating the lawful
government functions of the Internal Revenue Service of the United
States Department of Treasury in the ascertainment, computation,

-4-

assessment, and collection of revenue, specifically employment taxes and corporate income taxes; and (b) violating an immigration law under Title 8, United States Code, Section 1324(a)(1)(A)(iv). The first object of the conspiracy charge implicates the Mandatory Victim Restitution Act because it is an offense in which property, i.e., money, has been taken from the IRS by fraud or deceit. As set forth in the superseding information, defendants Rhett Maughon and Villarreal defrauded the IRS by paying Atlanta Meat Company employees, including themselves, partly or entirely in cash with skimmed cash receipts. Defendants Rhett Maughon and Villarreal concealed the cash wages from the company's payroll service, the company's tax return preparer and, ultimately, the IRS, for the purpose of evading employment taxes and corporate income taxes on those wages.

On February 16, 2012, the Atlanta Meat Company, through defendant Rhett Maughon as its Chief Financial Officer, signed a Closing Agreement with the IRS wherein the company agreed to employment tax deficiencies in the amount of $312,639.75 for tax periods covered by the charged conduct, January 1, 2003 through September 30, 2006.[1]  A copy of the Closing Agreement is attached as Exhibit A. Defendants Rhett Maughon and Villarreal should be

---

[1]The Closing Agreement signed by Atlanta Meat Company also agrees to statutory penalties in the amount of $234,479.82. The United States does not seek payment of the penalties as restitution.

ordered to pay restitution to the IRS, jointly and severally, in the amount of $312,639.75, pursuant to the Mandatory Victim Restitution Act (18 U.S.C. § 3663A).

<u>Restitution Is Required Under Plea Agreements With All Defendants</u>

In addition, all three defendants should be ordered to pay restitution for their individual income tax liabilities, and defendant Marcus Maughon should be ordered to pay restitution jointly and severally with his co-defendants for the above-referenced employment tax deficiencies, because they agreed to do so in their respective plea agreements. The defendants' plea agreements each contain the following paragraph:

> **Restitution**
> The Defendant agrees to pay full restitution to the United States for all offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement. The Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing. The Defendant also agrees to cooperate fully in the investigation of the amount of restitution and the identification of victims.

The defendants are contractually bound by their plea agreements to pay restitution to the United States, and the Court may order them to do so. <u>See</u> 18 U.S.C. § 3663(a)(3) (court may order restitution "in any criminal case to the extent agreed to by the parties in a plea agreement."). <u>See, e.g.</u>, <u>United States v. Sloan</u>, 505 F.3d 685, 695 (7th Cir. 2007); <u>United States v.</u>

Schrimsher, 58 F.3d 608, 609 (11th Cir. 1995); United States v. Blake, 81 F.3d 498, 506 (4th Cir. 1996); United States v. Silkowski, 32 F.3d 682, 688-89 (2d Cir. 1994).

Thus, even though a court cannot ordinarily impose restitution for a Title 26 tax offense, each defendant here has agreed to pay "full restitution to the United States for all offense(s) to which he is pleading guilty and all relevant conduct, including, but not limited to, any counts dismissed as a result of this Plea Agreement." The reference to the "United States" as the victim for restitution purposes demonstrates that the intent of this paragraph in the plea agreement is to require the defendants to pay restitution for the tax and immigration offenses charges in the indictment, in an amount to be determined at or before sentencing. To interpret it otherwise would give no meaning whatsoever to this portion of the plea agreement, which would undo the negotiated agreement reached by the parties.

Each defendant has signed a Closing Agreement with the IRS whereby they have agreed to the amount of tax deficiency owed for their individual income tax liabilities. For years 2003 through 2006, defendant Rhett Maughon has agreed to an income tax deficiency of $126,390; defendant Villarreal has agreed to an income tax deficiency of $129,606; and defendant Marcus Maughon has agreed to an income tax deficiency of $126,979. Copies of the defendants' individual Closing Agreements are attached as Exhibits

B, C and D, respectively.[2]   Each of the defendants should be ordered to pay restitution to the IRS in these amounts pursuant to their negotiated plea agreements.   In addition, all three defendants, including defendant Marcus Maughon, should be ordered to pay $312,639.75 in restitution to the IRS, jointly and severally, for Atlanta Meat Company's employment tax liabilities for tax periods January 1, 2003 through September 30, 2006 as referenced above, pursuant to their respective plea agreements.

Respectfully submitted,

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY


/s/ *Steven D. Grimberg*
STEVEN D. GRIMBERG
ASSISTANT UNITED STATES ATTORNEY

Suite 600
75 Spring Street, S. W.
Atlanta, Georgia 30303
(404) 581-6367
(404) 581-6181 (fax)
Georgia Bar No. 312144

---

[2]The individual Closing Agreements signed by the defendants also agree to statutory penalties, which the United States does not seek as restitution.

<u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this date electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

Paul Kish
Wilmer (Buddy) Parker

This 20th day of February, 2012.

/s Steven D. Grimberg
STEVEN D. GRIMBERG
ASSISTANT UNITED STATES ATTORNEY
Steven.Grimberg@usdoj.gov